WAKEFIELD *vs.* M'KINNELL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The surety in a bail bond, may surrender his principal in execution, at any time before the conditions of the bond are made absolute by a judgment against himself.

If the principal in a bail bond dies before judgment is rendered against the surety, so as to put it out of the power of the latter to surrender him in execution, the bail will be discharged.

· The counsel for the plaintiff took a rule on the defendant, to show cause within ten days, why judgment should not be rendered against him, as bail for Wm. Wilkins, in the sum of six hundred and forty-six dollars and sixty-six cents, with interest, being the amount of a judgment obtained against the latter, and which remained unpaid.

The defendant in his answer stated, that Wilkins, the principal in the bail bond, had died, long before he was notified that a *ca. sa.* had issued against him ; and that if he had had notice in time he could have surrendered him ; that the business of said Wilkins, on the river, rendered his absence from the state frequent before his death.  He prayed that the rule be discharged.

The evidence showed that writs of *fieri facias* and *ca. sa.* had issued against Wilkins, and returned unsatisfied the third Mondays of May and July, 1835.  Wilkins died in Louisville, Kentucky, in September, 1835.  This proceeding under the rule, commenced November 10th, 1835.

The district judge decided that bail might be relieved at any time before he is fixed, by complying with the terms of his bond.  He is a conditional surety, and as such is entitled to relief by a compliance with the condition, if such a compliance is possible.  If the condition become impossible, as by the death of the principal, he should be relieved.  There was judgment discharging the rule.  The plaintiff appealed.

57

EASTERN DIST.
*May,* 1836.

WAKEFIELD
*vs.*
M'KINNELL.

*Schmidt,* for plaintiff and appellant.

1. The bail is liable for the judgment against defendant, under the 219th article of the Code of Practice, it being clearly shown that the condition of the bond was forfeited by the departure from the state of Wilkins.

2. The inferior court erred, therefore, in deciding that the surety was released by the death of the defendant, Wilkins, under the 230th article of the Code of Practice, as will be obvious by referring to the 235th article, which provides that the failure to surrender the person of the debtor, &c., entitles plaintiff to judgment against surety.

3. The judge *a quo,* misled, no doubt, by the maxim that the law never requires impossibilities, forgot that it was inapplicable in a case where the responsibility had already attached, and where the law merely as a favor allowed a surrender, provided it was practicable, after the obligation of the bail became irrevocable.

4. The District Court was also misled by supposing the bail required in Louisiana analogous to bail at common law, as understood in England and in our sister states. This analogy vanishes on the slightest examination, since bail at common law only becomes answerable for the appearance of the debtor. See *Jacobs's Law Dictionary, verbo Bail. Bacon's Abridgment, verbo Bail. Edinburg Encyclopædia, same title.*

5. The nature of bail in Louisiana, is further explained in the Louisiana Code, articles 3033 to 3037, both inclusive, and an attentive examination of our legislation, will show that bail in Louisiana is equivalent to the *judicatum solvi* of the Roman law, whenever a defendant leaves the state ; whereas at common law, bail is invariably analogous to the *judicia sisti* of the Romans. *Digest, lib.* 2, *tit.* 8, *sec.* 15.

*Kennicott,* contra.

*Mathews, J.,* delivered the opinion of the court.

This is an appeal from a judgment of the court below, pronounced in relation to a rule taken on the defendant, to show cause why judgment should not be entered against

him as bail of a certain Wm. Wilkins. The judgment was in favor of the defendant, from which the plaintiff appealed.

EASTERN DIST.
*May*, 1836.

WAKEFIELD
*vs.*
M'KINNELL.

It is shown by the facts of the case, that Wilkins, after giving bail, left the state and died at Louisville, Kentucky, in the month of September, 1835. Judgment was obtained against the principal, and two writs of execution were issued and returned before his death, viz : a *fieri facias* and a *ca. sa.;* the returns to which show that neither his property or person could be found.

The counsel for the plaintiff relies principally on an alleged forfeiture of one of the conditions of the bail bond, for a recovery against the bail; and that is, the departure of the defendant in the original suit from the state, without leave of the court.

The conditions prescribed by the Code of Practice to be annexed to a bail bond, and which are to determine the obligations of the parties to it, appear to be two. 1st. That the defendant shall not depart from the state without leave of the court. 2d. That he shall appear when judgment shall have been rendered, &c. The bail is made responsible, as it would appear, by the act of departing from the state without leave, or by the negligence of his principal in not appearing after judgment rendered against him. These conditions are found in articles 219 and 222. It must be confessed that they are calculated to produce confusion in this part of our civil procedure, as the first seems to apply to arrests for debts generally, and the last to arrests for those not yet due. In the present case, neither party has favored us with a copy of the bond; but we presume it contains the condition prescribed by the code, in ordinary cases of suits for debts due, and no other. Although no other be expressed in the bond by which the bail is rendered responsible, and the means pointed out by which he may be discharged; yet there is another clearly implied by the rules in relation to bail, found in the articles 230 and 231; according to which the surety may release himself from all obligations, by surrendering the person of his principal in execution, at any time before they become absolute, by a judgment against him; viewed in this

*The surety in a bail bond may surrender his principal in execution, at any time before the conditions of the bond are made absolute by a judgmentagainst himself.*

EASTERN DIST. light the bail authorised by our jurisprudence is very similar
May, 1836. to that known to the common law, by the appellation of

TOURNE      bail above.
vs.
TOURNE.       No one can doubt of the complete exoneration of a surety

If the princi- in a bail bond, from all his obligations, by the surrender of
pal in a bail bond his principal, in pursuance of the articles of the Code of
dies before judg-
ment is rendered Practice last cited; notwithstanding the latter may *ad interim*
against the sure-
ty, so as to put have been absent from the state. The evidence shows that
it out of the pow-
er of the latter the death of the defendant in the original suit, put it out of
to surrender him his power thus to exonerate himself; an occurrence which
in execution, the
bail will be dis- forms a legal excuse for both the principal and his surety, in
charged.        not complying with the conditions imposed by the contract.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.